UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| BRIAN DAVID MAGGIO, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Civil Case No. 20-2361 |
| WARDEN DENNISON, | ) ) ) |
| Respondent. | ) |

## ORDER AND OPINION

Pending before the Court is Petitioner Brian D. Maggio's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), Motion for Leave to Proceed *in forma pauperis* (Doc. 2), and his Motion to Request Counsel (Doc. 4).

While Petitioner labelled his claim as a 2241 petition, his claim is properly brought pursuant to 28 U.S.C. § 2254 because 2254 is "the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody." *Walker v. O'Brien*, 216 F.3d 632, 633 (7th Cir. 2000). As the Seventh Circuit explained in *Walker*, 2254 applies if "the [petitioner] is in custody pursuant to the judgment of a state court, and not in state custody for some other reason, such as pre-conviction custody, custody awaiting extradition, or other forms of custody that are possible without a conviction." *Walker*, 216 F.3d at 633.

However, before the Court will recharacterize Petitioner's filing as a 2254 petition, it must notify Petitioner that such recharacterization may bar him from asserting a habeas challenge to his state sentence at a later date. This is so because 28 U.S.C. § 2244(b) prohibits "second or successive" 2254 petitions. The Supreme Court requires that before recharacterizing a motion as a 2255 motion, the district court "must notify the pro se litigant that it intends to recharacterize the

pleading, warn the litigant that this recharacterization means that any subsequent 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the 2255 claims he believes he has." *Castro v. United States*, 540 U.S. 385, 383 (2003). Courts have found that this notice requirement also applies to 2254 petitions because "there is no meaningful way to distinguish between § 2254 and § 2255 with respect to the restrictions imposed by the AEDPA." *Martin v. Overton*, 391 F.3d 710, 713 (6th Cir. 2004) (quoting *Mason v. Myers*, 208 F.3d 414, 418 (3d Cir. 2000)); *see also Steverson v. Summers*, 258 F.3d 520, 523 n. 4 (6th Cir. 2001) ("Title 28 U.S.C. § 2255 is essentially equivalent to § 2254, the former being a postconviction remedy for federal prisoners and the latter available to 'a person in custody pursuant to the judgment of a State court.'"). Thus, a petitioner must present all of his known claims in his first petition, he cannot attack his conviction in piecemeal fashion. *See* Rule 2(c)(1) of the Rules Governing Section 2254 Cases (stating that the petition must "specify all the grounds for relief").

Accordingly, Petitioner shall notify the Court within thirty (30) days of the date of this order if he consents to the recharacterization of his 2241 petition as a 2254 petition. If he consents to the recharacterization, petitioner may amend his petition to include additional claims alleging that his state court conviction and sentence were imposed in violation of the Constitution. Alternatively, petitioner may withdraw his petition. The Court will reserve ruling on Petitioner's pending motions until this matter is resolved.

THEREFORE, IT IS ORDERED that within thirty (30) days of the date of this order, petitioner shall notify the court concerning his consent to the recharacterization of his 2241 petition as a 2254.

ENTERED this 4th day of February, 2021.

                                                                           /s/ Michael M. Mihm
                                                                             Michael M. Mihm
                                                               United States District Judge